# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS DAJON MILLER,<br><br>        Plaintiff,<br><br>   v.<br><br>JOHNSON, et al.,<br><br>        Defendants. | Case No. 1:16-cv-00727-JLT<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE AS BARRED BY THE STATUTE OF LIMITATIONS**<br><br>**(Docs. 1, 7)**<br><br>**21-DAY DEADLINE** |

Plaintiff filed this action, case number 1:16-cv-00727-JLT, seeking to pursue claims and issues that he raised in a prior case, case number 1:10-cv-00112-SKO ("2010 Case"), which was dismissed without prejudice in 2013. Because the statute of limitations has lapsed on the claims that Plaintiff is attempting to pursue, Plaintiff is ordered to show cause why this action should not be DISMISSED with prejudice.

## BACKGROUND

**A.** **Plaintiff's 2010 Case:**[1]

On March 13, 2013, Plaintiff's 2010 Case was dismissed without prejudice when a defense motion was granted because Plaintiff had not exhausted available administrative remedies

---

[1] All cites to docket entries in this section refer to filings in E.D.Case No. 1:10-cv-1112-SKO.

1

prior to filing suit.[2] (Doc. 49.) In May of this year, Plaintiff filed motions in the 2010 Case requesting to be allowed to refile an opposition to the motion to dismiss, a request for summary judgment in his favor, and a motion to subpoena video from a surveillance camera. (Docs. 51, 52.) Plaintiff's motions were construed as motions for reconsideration of the order that granted the defense motion under Rule 60 of the Federal Rules of Civil Procedure and were denied. (Doc. 54.)

**B.     Plaintiff's Current Case:**

On the first page of the Complaint in this action, Plaintiff wrote the 2010 Case number and wrote "Dismissed Without Prejudice Re-filing Opposition Statement" above the "Civil Rights Compliant By a Prisoner" title in the form's caption. (Doc. 1.) Rather than checking a box indicating that it was his original, or first or second amended complaint, Plaintiff wrote "Re-filing." (*Id.*) This was filed as a new action and was given case number 1:16-cv-00727-JLT. (*Id.*)

Upon review, the allegations in this action duplicate those stated in Plaintiff's 2010 Case. Further, at the end of his allegations in the current action, Plaintiff wrote:

> I'm just re-filing my civil lawsuit, my case was dismissed without prejudice on 3-12-13 because I forgot to write my contemoraneous [sic] notice of the requirements for opposing an unenumerated rule.[3] It's now completed see 2nd letter re-filing opposition statement.[4]

(Doc. 1, p. 4.)

Subsequently, Plaintiff filed a document titled "Motion for Reconsideration of the Dismissal Order," apparently seeking reconsideration of rulings in the 2010 Case as he complains he was not advised that he "had a 1-year statute of limitation" to refile. (Doc. 7.) Noting that the undersigned granted his application to proceed *in forma pauperis* on June 8, 2016 in this action,

---

[2] As correctly noted in the last order in Plaintiff's 2010 case, the motion to dismiss was the proper vehicle to raise the affirmative defense of failure to exhaust administrative remedies until 2014. (*See* E.D. Case No. 1:10-cv-1112-SKO, Doc. 54, *ref Albino v. Baca*, 747 F.3d 1162, 1168-69 (9th Cir. 2014) (en banc).)

[3] Plaintiff's 2010 Case was dismissed because Plaintiff failed to show that he had exhausted available administrative remedies prior to filing suit, or that the process had been rendered unavailable. (*See* 1:10-cv-00112-SKO, Doc. 49.) Nothing in that order implied that it was denied merely because Plaintiff forgot to write the requirements for opposing an unenumerated motion under Rule 12.

[4] No such document has been filed in this action -- as a separate docket entry, nor as an attachment to a filed document.

2

Plaintiff argues that the magistrate judge on the 2010 Case "isn't [his] judge anymore and shouldn't be reviewing [his] case." (*Id.*)  Finally, Plaintiff asks for the status of his 2010 Case. (*Id.*)

## DISCUSSION

**A.      Plaintiff's Request for Reconsideration is Denied**

"Generally stated, reconsideration is appropriate where . . . it is necessary to correct clear error or prevent manifest injustice." *Cachil Dehe Band of Wintun Indians Cmty. v. California*, 649 F.Supp.2d 1063, 1069 (E.D.Cal.2009) (citing *Sch. Dist. No. 1J Multnomah Cnty., Oregon v. AC & S Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993))  Rule 60(d), Federal Rules of Civil Procedure, specifically states that it "does not limit a court's power to:  (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; . . . ."

Independent actions for relief from other courts' judgments or orders are only rarely allowed because of "considerations of comity and orderly administration of justice." *Lapin v. Shulton, Inc.*, 333 F.2d 169, 172 (9th Cir.1964).

> When a court entertains an independent action for relief from the final order of another court, it interferes with and usurps the power of the rendering court .... Although justice may occasionally demand that sort of interference, the identification of those rare situations is committed to the sound discretion of the district court.

*Treadaway v. Acad. of Motion Picture Arts & Scis.*, 783 F.2d 1418, 1422 (9th Cir.1986).  An independent action is thus "available only to prevent a grave miscarriage of justice." *United States v. Beggerly,* 524 U.S. 38, 47 (1998); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.' " (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)).  Plaintiff's 2010 Case must be examined to ascertain whether the dismissal order was clearly erroneous to work a manifest injustice if Plaintiff is not allowed to proceed.

Plaintiff proceeded in his 2010 Case, on claims against Defendants Johnson, Lyon,

3

1  Moore, Teater, and Hyuck for use of excessive physical force on January 8, 2008, in violation of
2  the Eighth Amendment of the United States Constitution.  Plaintiff's 2010 case was dismissed
3  when the defense motion asserting the affirmative defense that Plaintiff failed to exhaust available
4  administrative remedies before filing suit was granted.  (Doc. 49.)  That order found that
5  Defendants met their burden as the movant.  (*Id.*)  Plaintiff's arguments and evidence in
6  opposition were reviewed in detail and found lacking.  (*Id.*)

7  Specifically, Plaintiff asserted that he could not write during the applicable time because
8  his wrist was in a cast for a year and a half and that appeal number PVSP-27-08-18298 sufficed to
9  exhaust his claims.  There was no evidence to show that Plaintiff made a reasonable, good faith
10 effort to exhaust his excessive force claim, but was prevented from doing so because of his wrist.
11 (*Id.*, at pp. 3-5.)  The record was also devoid of any evidence that Plaintiff tried to use the
12 grievance process, but was wrongfully thwarted by prison officials; or that he sought assistance in
13 filing a grievance due to his inability to write, but was refused help.  (*Id.*)  PFSP-27-08-18298
14 was reviewed and found lacking since, thought it complained of inadequate medical care and pain
15 medication for his wrist, it made no mention of the use of excessive force by any staff.  (*Id.*)

16 Defendants' motion was granted since exhaustion is a mandatory prerequisite to suit, 42
17 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311
18 F.3d 1198, 1199-1201 (9th Cir. 2002), and Plaintiff failed to demonstrate that he made a
19 reasonable, good faith attempt to file an appeal on the issues raised, but was unable to do so
20 through no fault of his own, *Sapp*, 623 F.3d at 823; *Nunez*, 591 F.3d at 1224.  The dismissal order
21 was not clearly erroneous.

22 The order that denied reconsideration of the dismissal order (Doc. 54) likewise, was not
23 clearly erroneous.  Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a
24 final judgment upon a showing of  "(1) mistake, inadvertence, surprise, or excusable neglect; (2)
25 newly discovered evidence that, with reasonable diligence could not have been discovered in time
26 to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an
27 opposing party; . . . or (6) any other reason justifying relief from the operation of judgment."
28 Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and

(3) no more than a year after the entry of the judgment or order or the date of the proceeding." Plaintiff submitted neither facts nor legal authority pertinent to his exhaustion efforts to justify revisiting the ruling on Defendants' motion regarding exhaustion; nor did he provide any explanation for the three year lapse between dismissal of that action and his motion for reconsideration. Reconsideration was properly denied.

Neither the order that dismissed Plaintiff's 2010 Case nor the order that denied reconsideration thereof were clearly erroneous. *Arizona v. California*, 460 U.S. at 618 n. 8. Further, grave injustice will not result by allowing those decisions to stand since, at each level, Plaintiff has failed to show evidence that either he properly exhausted available administrative remedies prior to filing his 2010 Case, or that he was excused from doing so. Thus, having carefully reviewed the entire file, the Court finds the March 13, 2013, order that dismissed Plaintiff's 2010 Case and the order denying reconsideration thereof to be supported by the record and proper analysis.

Further, though Plaintiff sought reconsideration of the order that dismissed his 2010 Case, he did not file an appeal as to either the original dismissal order, or the order denying reconsideration thereof. *See Espinosa v. United Student Aid Funds*, 553 F.3d 1193, 1199 (9th Cir.2008) ("[A] final judgment cannot be ignored or set aside just because it was the result of error. Errors committed during the course of litigation must be corrected by way of a timely appeal.").

Thus, Plaintiff's motion for reconsideration of the dismissal of his 2010 Case is DENIED.

**B.      Plaintiff's 2010 Case May Not be Reopened**

Plaintiff's motion for reconsideration might be construed as desiring to reopen his 2010 Case. However, an action that has been dismissed cannot be "reopened," as it is no longer pending. *See, e.g., United States v. California*, 932 F.2d 1346, 1351 (9th Cir.1991), aff'd, 507 U.S. 745 (1993); *Humphreys v. United States*, 272 F.2d 411 (9th Cir.1959). A dismissal, including one without prejudice, "terminates the action and concludes the rights of the parties in that particular action." *United States v. California*, 507 U.S. 746, 756, 113 S.Ct. 1784 (1993) (internal citations omitted). Further, as mentioned above, Plaintiff's recourse for any dispute he

has with the dismissal ruling and ruling on his motion for reconsideration thereof in his 2010 Case is not with this Court. *See Espinosa*, 553 F.3d at 1199. Thus, no matter what sentence he is serving, Plaintiff's request to reopen his 2010 Case is DENIED.

C. **The Court Was Not Required to Provide Legal Advice to Plaintiff**

In his motion for reconsideration, Plaintiff objects to dismissal of his 2010 Case and asserts that the Magistrate Judge assigned to that action[5] advised him of the limitations on moving for reconsideration of the dismissal order or of refiling on his allegations.

Since Plaintiff is an incarcerated *pro se* litigant, the Court is required at the pleading stage, where correctable deficiencies exist, to provide applicable standards and opportunity to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The Court is also required to provide prisoner *pro se* litigants with notice of the requirements for opposing motions for summary judgment. *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). However, there is no requirement for the court to advise Plaintiff of the deadlines to seeking reconsideration, appeal, or refiling. Further, "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants," *Pliler v. Ford*, 542 U.S. 225, 231 (2004), and must refrain from issuing advisory opinions, *see Flast v. Cohen*, 392 U.S. 83, 96 (1968). When the defense motion was granted and his 2010 Case was dismissed, there was no requirement for the court to advise Plaintiff of any deadlines, or statutes of limitations. Simply put, Plaintiff has no one but himself to blame for the untimeliness of his filings -- both in response to the dismissal of his 2010 Case and initiating this action.

D. **The Statute of Limitations**

Upon review of the Complaint, it is apparent that Plaintiff is barred by the statute of limitations from proceeding claims and allegations based on incidents that occurred in January of 2008.

The applicable statute of limitations starts to run upon accrual of the plaintiff's claim, i.e.

---

[5] Plaintiff is mistaken when he asserts that Magistrate Judge Sheila K. Oberto is no longer his judge. Judge Oberto is still the magistrate judge assigned to Plaintiff's 2010 Case, which is why she ruled on his motion for reconsideration of the dismissal order in that action. The undersigned is the magistrate judge assigned to Plaintiff's present action. Judges are assigned to cases, not to individual litigants.

1 when he knows or has reason to know of the injury that is the basis of his action, *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009), which is normally on the date of injury, *Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405, 1407 (9th Cir.1994).  Actions under section 1983 fall under the limitations period from the forum state's statute of limitations for personal injury torts, *see Wallace v. Kato*, 549 U.S. 384, 387 (2007), which is two years in California, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1.

The two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term of less than life which gives such prisoners effectively four years to file a federal suit.  *See* Cal. Civ. Proc. Code § 352.1(a); *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's California's equitable tolling rules if they are not inconsistent with federal law).  Though the term of Plaintiff's sentence is not known, the limitations period for his claims would not differ if he were serving a term of life with the possibility of parole, as that is considered a term of less than life.  *Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir. 1998).  Further, California courts have extended the tolling benefit of section 352.1 to prisoners serving life sentences.  *See Grasso v. McDonough Power Equip.*, 264 Cal.App.2d 597, 601 (1968).  Thus, Plaintiff had four years from the date of the incidents at issue to file suit.

The claims that Plaintiff seeks to resurrect in this action are barred by the statute of limitations.  His claim accrued, and the statute of limitations started running, on January 8, 2008, when the prison guards allegedly used excessive force on him.  (Doc. 1, pg. 4.)  He was entitled to four years (the sum of the time allowed by the usual limitations period and equitable tolling under section § 352.1) from that time to file suit.  This means that he had until January 8, 2012, at the latest, to file suit.  He did not file this action until 2016, which is well after the 2012 deadline.

Plaintiff's 2010 Case did not toll the statute of limitations under either state or federal law. California treats an action dismissed without prejudice as if "no action has been brought," unless a statute specifies otherwise.  *Wood v. Elling Corp.*, 20 Cal.3d 353, 359 (1977).  In an appropriate case, however, the statute of limitations might be tolled for time spent pursuing a remedy in another forum (such as state court) before filing the claim in federal court.  *Cervantes v. City of*

*San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (1978)) (equitable tolling "reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.")  This action does not fall under this exception.  The only prerequisite to Plaintiff's suit was to exhaust available administrative remedies -- which, as discussed above, he failed to do.  Indeed, no other forum would be proper for his Eighth Amendment claims via section 1983.

Federal law also provides no relief for Plaintiff because his 2010 Case was dismissed without prejudice.  "[I]f the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000); *see also O'Donnell v. Vencor*, Inc., 466 F.3d 1104, 1111 (9th Cir. 2006) (citing with approval *Chico-Velez v. Roche Prods., Inc.*, 139 F.3d 56, 59 (1st Cir. 1998), which cited eight federal circuits for the rule that the statute of limitations is not tolled when a complaint containing the same claims as a later suit is dismissed without prejudice).

Plaintiff's 2010 Case was properly dismissed without prejudice because he failed to exhaust available administrative remedies prior to filing suit.  *See McKinney v. Carey,* 311 F.3d 1198, 1199-1201.  If the dismissal of his 2010 Case had been with prejudice, Plaintiff would have been forever foreclosed from filing another action on those same factual allegations.  However, since the dismissal was without prejudice, Plaintiff was not foreclosed from filing a new suit on those same factual allegations, after he exhausted available administrative remedies, but still within the applicable statute of limitations for his claims under 42 U.S.C. § 1983.

Thus, Plaintiff's claims regarding the incident that occurred on January 8, 2008 appear barred by the statute of limitations.  However, Plaintiff must be given opportunity to respond before his current action may be dismissed as barred by the statute of limitations.  *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686–87 (9th Cir.1993) (permitting district courts to *sua sponte* consider the issue of statute of limitations where defendant has not waived the defense and

1 plaintiff has been given a chance to address the issue); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.1986) (requiring district courts in addressing a motion for default judgment to evaluate the "sufficiency of the complaint").

## **ORDER**

Accordingly, the Court **ORDERS**:

1. Plaintiff's motion for reconsideration, filed on August 15, 2016 (Doc. 7), is **DENIED**; and
2. **Within 21 days** of the date of service of this order, Plaintiff must show cause in writing why this action, 1:16-cv-00727-JLT, should not be dismissed with prejudice because it appears to be barred by the statute of limitations.

IT IS SO ORDERED.

Dated:   **October 21, 2016**          /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE