# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS DAJON MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHNSON, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00727-JLT<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE SINCE BARRED BY THE STATUTE OF LIMITATIONS**<br><br>(**Docs. 1, 7, 8, 9**) |

Plaintiff filed this action, case number 1:16-cv-00727-JLT, seeking to pursue claims he raised in a prior case, case number 1:10-cv-00112-SKO ("2010 case"), which was dismissed without prejudice in 2013. Because the statute of limitations has lapsed on the claims that Plaintiff is attempting to pursue, he Court ordered issued for Plaintiff to show cause why this action should not be DISMISSED with prejudice. (Doc. 8.) Plaintiff filed a response which reiterates both arguments and allegations raised in this action and the dispositive motion in the 2010 Case. (Doc. 9.) For the reasons discussed herein, Plaintiff's response is insufficient to avoid the statute of limitations bar on his claims and this action is now **DISMISSED with prejudice**.

## I.     BACKGROUND

On the first page of the Complaint in this action, Plaintiff wrote the 2010 Case number and wrote "Dismissed Without Prejudice Re-filing Opposition Statement" above the "Civil Rights

Compliant By a Prisoner" title in the form's caption. (Doc. 1.) Rather than checking a box indicating that it was his original, or first or second amended complaint, Plaintiff wrote "Re-filing." (*Id.*) This was filed as a new action and was given case number 1:16-cv-00727-JLT. (*Id.*)

Upon review, the allegations in this action duplicate those stated in Plaintiff's 2010 case relating to an alleged 2008 incident of excessive force. Further, at the end of his allegations Plaintiff states:

> I'm just re-filing my civil lawsuit, my case was dismissed without prejudice on 3-12-13 because I forgot to write my contemoraneous [sic] notice of the requirements for opposing an unenumerated rule.[1] It's now completed see 2nd letter re-filing opposition statement.[2]

(Doc. 1, p. 4.)

## II.     DISCUSSION

### A.     The Statute of Limitations

Plaintiff's action is barred by the statute of limitations from proceeding claims and allegations based on incidents that occurred in January of 2008. As stated in the OSC, the applicable statute of limitations starts to run upon accrual of a plaintiff's claim, i.e. when he knows or has reason to know of the injury that is the basis of his action, *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009), which is normally on the date of injury, *Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405, 1407 (9th Cir.1994). Actions under section 1983 fall under the limitations period from the forum state's statute of limitations for personal injury torts, *see Wallace v. Kato*, 549 U.S. 384, 387 (2007), which is two years in California, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1.

The two-year statute of limitations period is tolled for an additional two years if the plaintiff is a prisoner serving a term of less than life which gives such prisoners effectively four

---

[1] Plaintiff's 2010 Case was dismissed because Plaintiff failed to show that he had exhausted available administrative remedies prior to filing suit, or that the process had been rendered unavailable. (*See* 1:10-cv-00112-SKO, Doc. 49.) Nothing in that order implied that it was denied merely because Plaintiff forgot to write the requirements for opposing an unenumerated motion under Rule 12.

[2] No such document has been filed in this action -- as a separate docket entry, nor as an attachment to a filed document.

1  years to file a federal suit.  *See* Cal. Civ. Proc. Code § 352.1(a); *Azer v. Connell*, 306 F.3d 930,
2  936 (9th Cir. 2002) (federal courts borrow the state's California's equitable tolling rules if they are
3  not inconsistent with federal law).  Though the term of Plaintiff's sentence is not known, the
4  limitations period for his claims would not differ if he were serving a term of life with the
5  possibility of parole, as that is considered a term of less than life.  *Martinez v. Gomez*, 137 F.3d
6  1124, 1126 (9th Cir. 1998).  Further, California courts have extended the tolling benefit of section
7  352.1 to prisoners serving life sentences.  *See Grasso v. McDonough Power Equip.*, 264
8  Cal.App.2d 597, 601 (1968).  Thus, Plaintiff had four years from the date of the incidents at issue
9  to file suit.

10  As found in the OSC, the claims that Plaintiff seeks to resurrect in this action accrued, and
11  the statute of limitations started running, on January 8, 2008, when the prison guards allegedly
12  used excessive force on him.  (Doc. 1, pg. 4.)  He was entitled to four years (the sum of the time
13  allowed by the usual limitations period and equitable tolling under section § 352.1) from that time
14  to file suit.  This means that he had until January 8, 2012, at the latest, to file suit.  He did not file
15  this action until 2016, which is well after the 2012 deadline.

16  Plaintiff's 2010 case did not toll the statute of limitations under state or federal law.
17  California treats an action dismissed without prejudice as if "no action has been brought," unless
18  a statute specifies otherwise.  *Wood v. Elling Corp.*, 20 Cal.3d 353, 359 (1977).  In an appropriate
19  case, however, the statute of limitations might be tolled for time spent pursuing a remedy in
20  another forum (such as state court) before filing the claim in federal court.  *Cervantes v. City of*
21  *San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317
22  (1978)) (equitable tolling "reliev[es] plaintiff from the bar of a limitations statute when,
23  possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen
24  the extent of his injuries or damage.")  The Court previously found that this action does not fall
25  under this exception and Plaintiff provides no basis to change that finding.  The only prerequisite
26  to Plaintiff's suit was to exhaust available administrative remedies -- which, as discussed in the

27

28

OSC, he failed to do.[3]  Indeed, no other forum would be proper for his Eighth Amendment claims via section 1983.

The dismissal without prejudice of the 2010 case also provides no relief for Plaintiff under Federal law.  "[I]f the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing."  *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000); *see also O'Donnell v. Vencor*, Inc., 466 F.3d 1104, 1111 (9th Cir. 2006) (citing with approval *Chico-Velez v. Roche Prods., Inc.*, 139 F.3d 56, 59 (1st Cir. 1998), (cited eight federal circuits for the rule that the statute of limitations is not tolled when a complaint containing the same claims as a later suit is dismissed without prejudice)).

Plaintiff's 2010 case was properly dismissed without prejudice because he failed to exhaust available administrative remedies prior to filing suit.  *See McKinney v. Carey,* 311 F.3d 1198, 1199-1201.  Since the dismissal was without prejudice, Plaintiff was not foreclosed from filing a new suit on those same factual allegations, after he exhausted available administrative remedies. However, he was required to do so before the statute of limitations expired. Because he did not do so, the matter must be dismissed

## ORDER

Accordingly, the Court **ORDERS** this action **DISMISSED with prejudice**.  The Clerk of the Court is directed to close the case and enter judgment.

IT IS SO ORDERED.

Dated:   **November 10, 2016**            **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff spends pages of his response arguing why the finding that he failed to exhaust administrative remedies prior to filing his 2010 Case was wrong. (Doc. 9.) However, the ruling which dismissed Plaintiff's 2010 Case was previously examined and found not to be clearly erroneous. (Doc. 8, pp. 3-5.) Further, any assertion of error "during the course of litigation must be corrected by way of a timely appeal," *Espinosa v. United Student Aid Funds*, 553 F.3d 1193, 1199 (9th Cir.2008), not by separate action in the district court.